# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **STEPHEN O'NEIL SIMPSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **Officer ADAM CRUZ,** | § | **CIVIL ACTION NO.** |
| **Officer JAMES FLORES,** | § | |
| **Officer ANTHONY CORPUS,** | § | **SA-09-CV-0125 OG (NN)** |
| **Officer SHELLEY GRAYSON,** | § | |
| **Sergeant MICHAEL HUSER,** | § | |
| **Lieutenant SANDRA HARTOON,** | § | |
| **Lieutenant BRIAN PETERSON,** | § | |
| **Major DARREN WALLACE,** | § | |
| **Lieutenant ALBERTO DIAZ,** | § | |
| **Sergeant LIONEL PORRAS,** | § | |
| **Sergeant VERNET DAVIS,** | § | |
| **Lieutenant ROBERT BLUHM,** | § | |
| **Sergeant STEVEN HAVARD,** | § | |
| **Assistant Warden GARY HUNTER,** | § | |
| **Warden PAUL MORALES,** | § | |
| **L.V.N. PEGGY GOHLKE,** | § | |
| **Officer TIFFANY SMITH,** | § | |
| **Officer FRANCINE AGUERO,** | § | |
| **Officer JOSE AGUERO,** | § | |
| **Officer PAUL MARTINEZ,** | § | |
| **O.I.G. DAVID GUAJARDO,** | § | |
| **O.I.G. SHELIA THOMAS,** | § | |
| **O.I.G. JONNY SANTANA,** | § | |
| **Director RICK THALER,** | § | |
| | § | |
| **Defendants.** | § | |

## SHOW CAUSE ORDER

This order directs plaintiff Stephen O'Neil Simpson to show cause why this case should

not be dismissed for failing to serve an essential party and failing to state a claim.  Simpson is a

Texas inmate, committed to the custody of the Institutional Division of the Texas Department of Criminal Justice (TDCJ).  Simpson sued 24 TDCJ employees and former employees under section 1983 for alleged violations of his constitutional rights.  Simpson alleged that, as a result of conflict between himself and defendant Tiffany Smith, defendant Adam Cruz physically assaulted him, while defendants James Flores, Anthony Corpus, and Shelley Grayson stood by and watched.[1]  Simpson complained that the latter-named defendants did not stop the assault, failed to report the assault to supervisory officials, and did nothing to provide him with medical attention.  Simpson alleged that he notified various TDCJ employees—also defendants—about the assault, but that no one investigated the incident or took appropriate action.  Simpson also alleged that other defendant TDCJ employees retaliated against him because he complained about the assault.  As relief, Simpson seeks a transfer to a TDCJ unit closer to his home, the criminal prosecution of those responsible for his assault, and $350,000.00 for pain and suffering, mental anguish and punitive damages.[2]

     **Claims against defendant Cruz**.      Because Simpson proceeded in forma pauperis, I directed the U.S. Marshal to serve Cruz with a summons and a copy of Simpson's complaint.  After learning Cruz is no longer a TDCJ employee,[3] I directed the U.S. Marshal to serve Cruz at his last-known address.[4]  The U.S. Marshal first attempted service by certified mail. The first

---

[1]Docket entry # 48, pp. 8-9.

[2]*Id*. at p. 6.

[3]Docket entry #s 24 & 31.

[4]Docket entry # 33.

2

summons was returned by the U.S. Postal Service on November 11, 2009, unexecuted.[5]  I then directed the U.S. Marshal to personally serve Cruz.[6] The U.S. Marshal attempted to serve Cruz the second time by certified mail.  The U.S. Postal Service returned the second summons on February 22, 2010, unexecuted.[7]  The U.S. Marshall then attempted to personally serve Cruz on three dates: March 17, 2010; March 22, 2010; and April 1, 2010.[8]  The summons reflecting three unsuccessful attempts was returned to the court on May 11, 2010.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[9]  Without service of process, the court does not obtain personal jurisdiction over a defendant.[10]  The court cannot render a judgment against a defendant unless he has been served, has waived service, or entered an appearance.  None of those circumstances has occurred as to Cruz.  As a result, the court lacks personal jurisdiction over Cruz.  Because the court lacks personal jurisdiction, Simpson cannot proceed with his claims against Cruz.  For this reason, I direct Simpson to show cause why his claims against Cruz should not be dismissed for lack of personal jurisdiction.

**Simpson's excessive-use-of-force claim**.  Simpson alleged violations of three constitutional rights.  In the first claim, Simpson alleged an excessive use of force by Cruz,

---

[5]Docket entry # 45.

[6]Docket entry # 62.

[7]Docket entry # 67.

[8]Docket entry # 75.

[9]*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

[10]*Id.*

Flores, Corpus, Grayson, and Smith.[11]  The Eighth Amendment to the U.S. Constitution protects those convicted of a criminal offense against malicious and sadistic uses of official force.  To prevail in an excessive-use-of-force claim, the inmate must prove that the prison guard used "excessive physical force in violation of the Cruel and Unusual Punishments Clause" and that the force was applied "maliciously and sadistically to cause harm" rather than as a good-faith effort to maintain or restore order.[12]  Simpson's claim against Cruz fails for the reason stated above—the court lacks personal jurisdiction over Cruz.  The claim against Smith fails to state a claim upon which relief may be granted because Simpson alleged no use of force by Smith and he did not allege that Smith was present during the alleged assault.  Instead, Simpson complained that Flores, Corpus, and Grayson stood by and watched Cruz assault him.[13]  For this reason, I direct Simpson to show cause why his excessive-use-of-force claim against Smith should not be

---

[11]Docket entry # 64.

[12]*Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

[13]At this point, Simpson can proceed with his claim against Flores, Corpus, and Grayson under the theory of bystander liability.  *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) ("[A police] officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983 [for the excessive use of force by another officer under the theory of bystander liability".); *Hicks v. Page*, No. H-08-2486, 2010 WL 793684 (S.D. Tex. Mar. 4, 2010), at *7 ("A prison guard has a duty to intervene and attempt to end an assault on an inmate [by another prison guard.]. . . An officer may be liable under section 1983, under a theory of bystander liability, if he (1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent harm, and (3) chooses not to act."); *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318 (N.D. Tex. Apr. 6, 2009), at * 3 (explaining that a prison guard may be liable if he failed to take reasonable measures to protect an inmate from the another prison guard's use of excessive force); *Terrell v. Castleberry*, No. H-06-2025, 2008 WL 687519 (S.D. Tex. Mar. 12, 2008), at * 5 ("A prison guard has a duty to intervene and attempt to end an assault on an inmate. . . . . The rationale underlying the bystander liability theory is that a bystanding officer, by choosing not to intervene, functionally participates in the unconstitutional act of his fellow officer.").

4

dismissed for failing to state a claim.

**Simpson's failure-to-protect claim**.  In the second constitutional claim, Simpson alleged that certain defendant TDCJ employees violated the Eighth Amendment by failing to protect him. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[14]  In a typical failure-to-protect claim, a prison inmate alleges that even though prison officials knew he faced a substantial risk of injury from other inmates, prison guards failed to protect him from that risk. A prison official may be liable for failing to protect an inmate from other inmates if he knew of an excessive risk to inmate health or safety and disregarded that risk.[15]  A prison official knows of an excessive risk only if he was subjectively aware of the risk.[16]  Although Simpson complained about the failure to protect him from a prison guard rather than from an inmate, the analysis is the same:[17]  A prison official may be liable for failing to protect an inmate from another prison guard if he knew of an excessive risk to inmate health or safety posed by the other prison guard and disregarded that risk.

The basis of Simpson's failure-to-protect claim varies according to defendant.  As to Flores, Corpus, and Grayson, Simpson alleged that those defendants failed to protect him from

---

[14]*Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

[15]*Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

[16]*Id*.

[17]*See Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318 (N.D. Tex. Apr. 6, 2009), at * 3 ("The same reasoning applies when a prison guard fails to take reasonable measures to protect an inmate from another guard's use of excessive force.").

the alleged attack by Cruz.  This allegation is sufficient to state a failure-to-protect claim

because, if Simpson's allegations are true, Simpson faced a substantial risk of injury from Cruz's

assault which Simpson alleges these defendants witnessed.

In contrast, Simpson's claim against the remaining defendants[18] fails to state a claim

because Simpson did not allege a substantial risk of future harm from a prison guard—he

complained only about harm from a past assault.  Instead of complaining that he faced the risk of

a future assault, he complained that defendant prison employees retaliated against him because he

complained about Cruz's assault.  Specifically, he complained that: (1) those he complained to

either did not believe him or refused to discipline Cruz; (2) he was moved from cell-to-cell every

three to seven days; (3) his addresses were confiscated; (4) on one occasion, he was moved to a

cell with an inoperable sink, requiring him to eat with the smell of backed-up sewage; (5) on

another occasion, his hands were handcuffed too tightly; and (6) on another occasion, he was

placed in a cell without cold water and with a spider-webbed, busted window.[19]  These

allegations do not rise to the level of a substantial risk of harm because they do not indicate

Simpson faced a risk of serious damage to his future health.[20]  The conditions Simpson

complains about may have been uncomfortable, but the Constitution "does not mandate

---

[18]As additional defendants for his failure-to-protect claim, Simpson named: Paul Morales, Gary Hunter, Darren Wallace, David Guajardo, Shelia Thomas, Jonny Santana, Richard Thaler, Steven Harvard, Robert Bluhm, Vernet Davis, Lionel Porras, Alberto Diaz, Brian Petersen, Sandra Hartoon, and Michael Huser.  Docket entry # 64.

[19]Docket entry # 48.

[20]*See Farmer*, 511 U.S. at 843 ("The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health[]". . . .") (internal citation omitted).

comfortable prisons."[21]

The only allegation that could conceivably serve as the basis of a failure-to-protect claim is the allegation that defendant Vernet Davis stopped him in front of inmate Senen Ramiro's cell, permitting Ramiro to shoot his arm with a handmade spear.  Simpson, however, did not allege that Davis knew he faced an excessive risk to inmate health or safety from another inmate or Davis was aware of a risk posed by Ramiro.[22]  For these reasons, Simpson's failure-to-protect claims against defendants other than Flores, Corpus, and Grayson appear to be without merit. Therefore, I direct Simpson to show cause why his excessive-use-of-force claim against defendants Morales, Hunter, Wallace, Guajardo, Thomas, Santana, Thaler, Harvard, Bluhm, Davis, Porras, Diaz, Petersen, Hartoon, and Huser should not be dismissed for failing to state a claim.

**Simpson's conditions-of-confinement claim**.  In Simpson's third constitutional claim, Simpson alleged that certain defendants[23] violated the Eighth Amendment's prohibition against cruel and unusual punishment through deliberate indifference to his health and safety.  "The Eighth Amendment . . . prohibits the infliction of 'cruel and unusual punishments' on those

---

[21]*Farmer*, 511 U.S. at 832 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

[22]*See Farmer*, 511 U.S. at 837 ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

[23]As defendants for his conditions-of-confinement claim, Simpson named: Paul Morales, Gary Hunter, Darren Wallace, Peggy Gohlke, David Guajardo, Shelia Thomas, Jonny Santana, Richard Thaler, Steven Harvard, Robert Bluhm, Vernet Davis, Lionel Porras, Alberto Diaz, Brian Petersen, Sandra Hartoon, Michael Huser, Shelley Grayson, James Flores, and Anthony Corpus.

convicted of crimes."[24]  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[25]  "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.'"[26]  Simpson did not allege that he was denied the minimal civilized measure of life's necessities.  Instead, he complained about being moved from cell-to-cell, twice being housed in cells with inoperable plumbing, and once being handcuffed too tightly.  Even if true, the alleged circumstances did not deny Simpson the minimal civilized measure of life's necessities.[27]  For this reason, Simpson failed to state a claim for violation of the Eighth Amendment's  prohibition against cruel and unusual punishment.  Because Simpson did not allege conditions rising to the level of cruel and unusual punishment, I direct Simpson to show cause why his conditions-of-confinement claim should not be dismissed for failing to state a claim.

Finally, Simpson has not alleged that defendants Francine Aguero or Jose Aguero violated a constitutional right.  Simpson alleged only that as property officer, Francine Aguero stated that she had destroyed $193.00 worth of confiscated property.  Simpson provided no

---

[24]*Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991).

[25]*Farmer*, 511 U.S. at 829.

[26]*Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted).

[27]*See Newman v. State of Ala.*, 559 F.2d 283, 291 (5th Cir. 1977)("If the State furnishes its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety, so as to avoid the imposition of cruel and unusual punishment, that ends its obligations under Amendment Eight.").

explanation about why this allegation, if true, constituted a violation of his constitutional right nor did he identify the right implicated by the allegation.  I direct Simpson to show cause why his claim against Francine Aguero and Jose Aguero should not be dismissed for failing to state a claim.

---------------

For the reasons discussed in this order, Simpson is ORDERED to show cause in writing, by June 30, 2010, why his claims against Cruz should not be dismissed for inability to serve and obtain personal jurisdiction over Cruz.

Simpson is further ORDERED to show cause in writing by June 30, 2010 why (1) his excessive-use-of-force claim against Smith should not be dismissed for failing to state a claim; (2) his failure-to-protect claim against defendants Morales, Hunter, Wallace, Guajardo, Thomas, Santana, Thaler, Harvard, Bluhm, Davis, Porras, Diaz, Petersen, Hartoon, and Huser should not be dismissed for failing to state a claim; (3) his conditions-of-confinement claim should not be dismissed for failing to state a claim; and (4) his claim against Francine Aguero and Jose Aguero should not be dismissed for failing to state a claim.

If Simpson, fails to respond to this order by June 30, 2010, I will recommend either dismissing all claims except for Simpson's excessive-use-of-force and failure-to-protect claims

9

against Flores, Corpus, and Grayson for failing to state a claim, or dismissing the entire case for

failing to prosecute.[28]

**SIGNED** on June 1, 2010.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[28]_See_ Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); _Gonzalez v. Firestone Tire & Rubber Co._, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").