UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN O'NEIL SIMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| Officer JAMES FLORES, | § | SA-09-CV-0125 OG (NN) |
| Officer ANTHONY CORPUS, | § | |
| Officer SHELLEY GRAYSON, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

TO:    Honorable Orlando Garcia
       United States District Judge

This report and recommendation addresses the defendants' motion for summary judgment.[1] This is my second report in this case. The first report recommended dismissing 21 of 24 named defendants.[2] After the district court considered the report and plaintiff Stephen O'Neil Simpson's objections,[3] the district court dismissed all claims and defendants except for Simpson's excessive-use-of-force and failure-to-protect claims against James Flores, Anthony Corpus, and Shelley Grayson.[4] The pending motion addresses the remaining claims. A detailed background for this case is set out in the first report.

---

[1]Docket entry # 96.

[2]Docket entry # 79.

[3]Docket entry # 83.

[4]Docket entry # 84.

**The defendants are not entitled to dismissal on Eleventh Amendment immunity grounds**. Simpson is an inmate of the Texas Department of Criminal Justice (TDCJ). The defendants are prison guards at the TCDJ unit where Simpson is housed. In their motion for summary judgment, the defendants asserted immunity from suit under the Eleventh Amendment. The defendants maintained they are immune from suit in their official capacities because Simpson seeks money damages. Although Simpson seeks money damages, he also seeks injunctive relief. Under the *Ex Parte Young* doctrine, a plaintiff may sue an individual in his official capacity as an agent of the state if the relief sought is declaratory or injunctive in nature and prospective in effect.[5] In his amended complaint, Simpson seeks injunctive relief in the form of a transfer to a TDCJ unit closer to his home and the criminal prosecution of those responsible for his assault. The sought-after relief is injunctive in nature because it asks the district court for direct affirmative action and prospective in effect because the relief is designed to prevent future injury. Because Simpson seeks relief injunctive in nature and prospective in effect, the defendants are not entitled to dismissal based on Eleventh Amendment immunity.

**The defendants are not entitled to summary judgment on Simpson's excessive-use-of-force claim**. Simpson's excessive-use-of-force claim stems from the use of force by prison guard Adam Cruz. Cruz was dismissed as a defendant in this case because of lack of service. Simpson alleges that, as a result of conflict between himself and prison guard Tiffany Smith—also dismissed from this case—Cruz physically assaulted him, while the defendant prison guards stood by and watched.[6] Simpson complained that the defendants did not stop the assault, failed to report the assault to supervisory officials, and did nothing to provide him with

---

[5] *See Saltz v. Tenn. Dep't of Employment Security*, 976 F.2d 966, 968 (5th Cir. 1992).

[6] Docket entry # 48, pp. 8-9.

medical attention.  Because Simpson did not allege the defendants used force, Simpson's claim is based on bystander liability.[7]  Under the bystander-liability theory, "[a] prison guard has a duty to intervene and attempt to end an assault on an inmate. . . .The rationale underlying the bystander liability theory is that a bystanding officer, by choosing not to intervene, functionally participates in the unconstitutional act of his fellow officer."[8]  As alleged bystanders, the defendants are liable if Cruz used excessive force.

   The defendants maintain they are entitled to summary judgment because Simpson's allegations show Cruz's use of force constituted an effort to maintain or restore prison discipline. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[9]  Simpson does not challenge a prison official's authority to apply force in a good-faith effort to maintain or restore discipline.  Nor does he deny cursing at Cruz and refusing to reenter the cell.  Instead, Simpson maintains that force was not required under the circumstances.

---

[7] *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) ("[A police] officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983 [for the excessive use of force by another officer under the theory of bystander liability"].); *Hicks v. Page*, No. H-08-2486, 2010 WL 793684, at *7 (S.D. Tex. Mar. 4, 2010) ("A prison guard has a duty to intervene and attempt to end an assault on an inmate [by another prison guard]. . . . An officer may be liable under section 1983, under a theory of bystander liability, if he (1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent harm, and (3) chooses not to act."); *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at * 3 (N.D. Tex. Apr. 6, 2009) (explaining that a prison guard may be liable if he failed to take reasonable measures to protect an inmate from the another prison guard's use of excessive force).

[8] *Terrell v. Castleberry*, No. H-06-2025, 2008 WL 687519, at * 5 (S.D. Tex. Mar. 12, 2008) .

[9] *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Simpson contends that all that was required was to call a ranking official. Simpson maintains that, under TDCJ policy, he has a right to call for a ranking official if he has a problem with a prison official. Rather than call a ranking official as Simpson requested, Simpson maintains Cruz dragged him across the floor, slammed him head first into a steel door, pulled him against the tray slot, and repeatedly slammed him across the cell door divider, causing bruising and bleeding on his thigh, arm and face. Simpson maintains he was hand-cuffed during the use of force. Simpson alleges that the defendants did nothing to prevent Cruz's assault and that they laughed about Simpson's injuries.

Simpson's version of the events raise the following fact issues: (1) the extent of Simpson's injuries (Simpson describes his injuries as requiring medical treatment; the defendants describe the injuries as not requiring medical treatment), (2) the need for using force (Simpson maintains force was unnecessary because he asked to speak to a ranking officer; the defendants maintain force was required because Simpson refused to re-enter his cell), (3) the relationship between the need and the amount of force used (Simpson characterizes the use of force as an unnecessary and violent assault against a hand-cuffed inmate; the defendants maintain Cruz used only the force needed to return Simpson to his cell), (4) the threat reasonably perceived by the responsible officials (Simpson described a situation in which he posed no threat to prison security; the defendants represent that Cruz was maintaining prison discipline), and (5) any effort to temper the severity of a forceful response (Simpson maintains nothing was done to temper a violent assault; the defendants maintain Cruz did only what was necessary to maintain prison discipline).[10] These fact issues preclude summary judgment, because if Simpson's version of the

---

[10] *See Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992) (listing factors relevant in considering the use of force to maintain or restore prison discipline).

alleged events is true, a reasonable jury could conclude that Cruz used excessive force and the defendants failed to intervene.

In the alternative, the defendants asked for summary judgment with respect to Simpson's excessive use of force claim on qualified-immunity grounds. "A court required to rule upon the qualified immunity issue must consider . . . this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[11] Considered as true, Simpson's allegations show that Cruz's conduct violated his constitutional protection against the use of excessive force. As alleged bystanders of that conduct, the defendants are not entitled to summary judgment on qualified immunity grounds.

**The defendants are not entitled to summary judgment on Simpson's failure-to-protect claim**. A prison official may be liable under the Eighth Amendment for failing to protect an inmate from another prison guard if he knew of an excessive risk to inmate health or safety posed by the other prison guard and disregarded that risk.[12] To prove an Eighth Amendment claim, the plaintiff must show the defendant acted with "deliberate indifference."[11] Under this standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[12]

---

[11]*Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[12]*See Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at * 3 (N.D. Tex. Apr. 6, 2009) ("The same reasoning applies when a prison guard fails to take reasonable measures to protect an inmate from another guard's use of excessive force.").

[11]*See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[12]*Farmer*, 511 U.S. at 847.

The defendants maintain that Simpson cannot make this showing because Simpson faced no risk of serious bodily harm, other than harm he caused by violently resisting Cruz's efforts to return him to his cell. This argument fails because Simpson maintains that he did not resist Cruz, other than pulling away from Cruz when Cruz pulled on his arm to return him to his cell. The defendants also rely on Simpson's medical records indicating Simpson required no medical treatment. This argument fails because Simpson complains that he was refused medical treatment, despite repeated requests. If a jury accepts Simpson's version of the events, a reasonable jury could conclude that the defendants knew Cruz was trying to injure Simpson, that Simpson sustained injuries requiring medical treatment, and that the defendants stood by and watched Cruz use more force than was necessary under the circumstances. Simpson's version of the events raises fact questions about whether the defendants knew Simpson faced a substantial risk of serious harm and whether they disregarded that risk by failing to take reasonable measures to abate the risk. These fact questions preclude summary judgment.

In the alternative, the defendants asked for summary judgment with respect to Simpson's Eighth Amendment claim on qualified-immunity grounds. Taken in the light most favorable to Simpson, the allegations show the defendants violated Simpson's Eighth Amendment right to be protected by failing to stop Cruz from using unnecessary force. Thus, the defendants are not entitled to summary judgment on qualified immunity grounds.

**Recommendation**. Based on the foregoing, I recommend DENYING the defendants' motion for summary judgment (docket entry # 96).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the

clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[13] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[14] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[15]

    **SIGNED** on February 15, 2011.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[13] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[14] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[15] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).